**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4905**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL B. MARTISKO,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:07-cr-00104-IMK-3)

———————

Submitted:  April 28, 2009                    Decided:  May 20, 2009

———————

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Kumaraswamy Sivakumaran, STERLING LEGAL SERVICES PLLC, Clarksburg, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael B. Martisko timely appeals from the twenty-four month sentence imposed following his guilty plea to one count of aiding and abetting in the distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006) and 18 U.S.C. § 2 (2006). Martisko's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court complied with Federal Rule of Criminal Procedure 11 (2009) ("Rule 11") in accepting Martisko's guilty plea and whether Martisko's sentence was reasonable. Martisko has not filed a pro se brief, though he was informed of his right to do so. Finding no error, we affirm.

Martisko first asks this court to review whether the district court complied with Rule 11 in accepting his guilty plea. Because Martisko did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 plea colloquy, we review the adequacy of the plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, Martisko must show that "error occurred, that the error was plain, and that the

2

error affected his substantial rights." General, 278 F.3d at 393 (internal quotation marks and citation omitted).

Our review of the plea hearing transcript reveals that the district court substantially complied with Rule 11 in accepting Martisko's guilty plea. Martisko's plea was knowing, voluntary, and intelligently made, with full understanding of the consequences of his plea, and the district court found sufficient factual basis for the plea. See Fed. R. Crim. P. 11(b). Although the district court did not explain its authority to order restitution or make any mention of forfeiture as required by Rule 11(b)(1)(J)-(K), these omissions did not affect Martisko's substantial rights because the court did not ultimately order restitution and forfeiture is not applicable. Accordingly, we find no plain error.

Martisko also asks this court to review the reasonableness of his sentence. Consistent with United States v. Booker, 543 U.S. 220 (2005), the district court is required to follow a multi-step process at sentencing. First, it must calculate the proper sentencing range prescribed by the Guidelines. Gall v. United States, 128 S. Ct. 586, 596 (2007); see also United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008). The court must then consider that range in light of the parties' arguments regarding the appropriate sentence and the factors set out in 18 U.S.C. § 3553(a) (2006) before imposing

3

sentence. Gall, 128 S. Ct. at 596; see also Abu Ali, 528 F.3d at 260.

This court reviews the district court's sentence for abuse of discretion. Gall, 128 S. Ct. at 591. First, we must ensure the district court did not commit any "significant procedural error," such as failing to consider the 18 U.S.C. § 3553(a) factors or failing to adequately explain the sentence. Id. at 597. Second, we must consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. If the sentence imposed is within the appropriate Guidelines range, it is presumptively reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted).

Our review of the record reveals no procedural or substantive error in the district court's imposition of Martisko's sentence. The district court properly calculated the appropriate Guidelines range of twenty-four to thirty months and considered the Guidelines as advisory. Additionally, the district court considered the 18 U.S.C. § 3553(a) factors, Martisko's allocution, and the arguments of both attorneys before imposing Martisko's sentence. The district court also

4

provided a lengthy explanation of the reasons for its sentence, citing Martisko's long criminal history, the nature of the current offense, and the need to protect the public. Moreover, we view Martisko's within-Guidelines sentence on appeal as presumptively reasonable and Martisko has not rebutted that presumption. Thus, we conclude that the district court did not abuse its discretion in sentencing Martisko and the sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Martisko's conviction and sentence. This court requires that counsel inform Martisko, in writing, of his right to petition the Supreme Court of the United States for further review. If Martisko requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martisko. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED